■ In the Matter of JAE H. PARK, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [950 NYS2d 283]—

Per Curiam. By decision and order dated May 31, 2012, this Court suspended respondent from the practice of law until such time as a final disciplinary order is entered, and we directed him to show cause why such final order of suspension, censure or removal from office should not be made pursuant to Judiciary Law § 90 (4) (g) (*Matter of Park*, 95 AD3d 1648 [2012]). Our order followed respondent's 2011 conviction in New Jersey of aggravated assault in the third degree (*see* NJ Stat Ann § 2C:12-1 [b] [7]), which we determined to be a serious crime (*see* Judiciary Law § 90 [4] [d]).

Respondent has made no effort to demonstrate that a final disciplinary order should not be made. However, the record

makes clear that the conduct underlying respondent's conviction was associated with his mental illness and/or substance abuse issues, for which he has since sought treatment. It also appears that respondent has voluntarily ceased practicing in New Jersey.

Under the facts and circumstances presented, we conclude that respondent should be suspended from the practice of law indefinitely and until further order of this Court. Upon any application for reinstatement, in addition to the showing required by this Court's rules (*see* 22 NYCRR 806.12 [b]), respondent shall submit medical proof of his capacity to resume the practice of law and documentary evidence that he is an attorney in good standing in New Jersey.

Rose, J.P., Lahtinen, Spain, Malone Jr. and Garry, JJ., concur. Ordered that, pursuant to Judiciary Law § 90 (4) (g), respondent is suspended from the practice of law indefinitely, effective immediately, and until further order of this Court; and it is further

Ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

Ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).